UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS EDWARD GIERING, II<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 20-12353<br>Honorable Stephanie Dawkins Davis<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 16, 17)**

Plaintiff Douglas Edward Giering, II, appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion (ECF No. 17) be **GRANTED**;
- Giering's motion (ECF No. 16) be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I. BACKGROUND

A. **Giering's Background and Disability Application**

Born in August 1965, Giering was 53 years old at the time of his application date. ECF No. 13, PageID.82. Giering had no past relevant work. *Id.* He claimed to be disabled from degenerative disc disease, depression, and anxiety disorder. *Id.*, PageID.108.

After the Commissioner denied his disability application initially, Giering requested a hearing, which took place in July 2019. *Id.*, PageID.90-105. In his decision, the ALJ found Giering not disabled. *Id.*, PageID.71-84. The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. *Id.*, PageID.63-65. Giering timely filed for judicial review. ECF No. 1.

B. **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[1] *Id*. Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id*. If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id*. At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id*. The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 920(c).

Applying this framework, the ALJ concluded that Giering was not disabled. At the first step, the ALJ found that he had not engaged in substantial gainful activity since the application date. ECF No. 13 PageID.76. At the second step, the ALJ found that Giering had the severe impairment of degenerative disc disease. *Id*. The ALJ determined that Giering's major depressive disorder and panic disorder were non-severe impairments. *Id.* Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.78.

Between the third and fourth steps, the ALJ found that Giering had the RFC "to perform light work as defined in 20 C.F.R. 416.967(b) except: He can occasionally climb ramps or stairs, and is limited to frequent handling with his right upper extremity." *Id*. At step four, the ALJ found that Giering had no past relevant work. *Id*., PageID.82. At the final step, after considering Giering's age, education, work experience, RFC, and the testimony of the VE, the ALJ also concluded that he could perform jobs that existed in significant numbers in the national economy, including router, marker, and mail clerk. *Id*., PageID.83. The ALJ thus concluded Giering was not disabled. *Id*., PageID.83-84.

4

## II.     ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Giering argues that the ALJ erred by improperly evaluating the opinion of treating physician, Kathleen M. Perkins, D.O., and by failing to adopt a limitation contained within the well-supported opinion of Marianne Goergen, Psy.D. ECF No. 16, PageID.480. The Court finds Giering's arguments unavailing and that the ALJ's decision should be affirmed.

**B.**

Giering argues that the Court must remand this matter because the ALJ's explanation for rejecting the disabling portions of Dr. Perkins' opinion is not supported by substantial evidence. ECF No. 16, PageID.493-501.

ALJs must assess the persuasiveness of all opinions from both treating and non-treating sources by considering several factors, the most important being the opinion's supportability and consistency with the record evidence. 20 C.F.R. § 416.920c(a).[2] Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1). An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive. 20 C.F.R. § 416.920c(c)(2).

Dr. Perkins' opined that Giering symptoms would often interfere with his attention and concentration; that he could walk three blocks without

---

[2] The treating physician rule, which required ALJs to give controlling weight to well-supported opinions of treating sources, does not apply here because Giering applied for disability after March 27, 2017. *See Wolfe v. Comm'r of Soc. Sec.*, 16-13620, 2017 WL 6627044, at *7 n.4 (E.D. Mich. Nov. 26, 2017), adopted, 2017 WL 6621538 (E.D. Mich. Dec. 28, 2017).

resting; that he could sit for one hour and stand or walk for two hours in an eight-hour workday; and that he would likely miss work once or twice a month. ECF No. 13, PageID.417-418. The ALJ found that the parts of Dr. Perkins' opinion suggesting that Giering could not perform light work were not well-supported because the objective and clinical findings "generally showed normal musculoskeletal findings such as normal extremities and normal gait," and no noted use of an assistive device. *Id*., PageID.81. Thus, "the objective and clinical evidence did not warrant extreme limitations as opined." *Id*. Giering argues that the ALJ's assessment of the medical opinion's persuasiveness is not sufficiently articulated or supported by substantial evidence. ECF No. 16, PageID.497-500.

This "argument implicitly suggests reading the ALJ's articulation in isolation of the rest of the decision and the medical evidence of record, but the 'Court reviews the record as a whole to determine whether the ALJ's decision is supported by substantial evidence.'" *Lapka v. Comm'r of Soc. Sec.,* 2021 WL 942752, at *16 (E.D. Mich. Jan. 4, 2021), *adopted*, 2021 WL 733234 (E.D. Mich. Feb. 25, 2021) (quoting *Keeton v. Comm'r of Soc. Sec*., 583 F. App'x 515, 527 (6th Cir. 2014); *see also Parker v. Comm'r of Soc. Sec*., 2021 WL 4205060, at *8 (E.D. Mich. July 6, 2021), *adopted*, 2021 WL 3508557 (E.D. Mich. Aug. 10, 2021) ("Because it is proper to read

7

the ALJ's decision as a whole, it would be a needless formality to have the ALJ repeat substantially similar factual analyses in different parts of the decision.") (internal quotations omitted).  And an "ALJ can satisfy his duty to consider the medical opinions by '*indirectly* attacking the supportability of the…opinion or its consistency with other evidence in the record.'"  *Id.* (quoting *Stewart v. Comm'r of Soc. Sec.,* 811 F. App'x 349, 352 (6th Cir. 2020)) (emphasis in original).

Giering's criticism of the persuasiveness assessment overlooks the ALJ's repeated mention of Giering receiving only conservative treatment, specifically over-the-counter pain relievers and spinal injections.  ECF No. 13, PageID.79-81.  Giering's argument also ignores the ALJ's reference to progress notes that his lower back pain was stable, that he had good response to the spinal injections, and he was not referred for treatment with a specialist or for surgical intervention.  *Id.*, PageID.80-81.  And the ALJ twice articulates that Giering could "prepare simple meals, clean, do laundry, shop, drive, walk, talk, play computer games, read, watch TV, [and] swim/play in the pool," among other things.  *Id.*, PageID.79-80.  The ALJ need not repeat Giering's activities of daily living a third time, nor emphasize that they undercut the rather extreme limitations described in Dr. Perkins' opinion, for the Court to consider them as substantial evidence

8

in support of the ALJ's assessment of the opinion. *See Parker*, 2021 WL 4205060, at *8.

Giering also argues that the ALJ's failure to discuss Dr. Perkins' opinion that he would miss work once or twice a month because of his degenerative disc disease requires remand. ECF No. 16, PageID.498. But a doctor's prediction of how often a plaintiff would miss work is conjecture, not medical opinion. *Kolar v. Comm'r of Soc. Sec.*, 2015 WL 5589265, at *6 (W.D. Mich. Sept. 4, 2015). Because such evidence is "inherently neither valuable nor persuasive," the ALJ was not required to provide analysis on how he considered it in his decision. 20 C.F.R. § 416.920b(c)(3). The Court thus finds no error in the ALJ's assessment of Dr. Perkins' opinion.

### C.

Giering argues that the ALJ erred by failing to adopt any mental limitations assessed by the consultative examiner despite finding her opinion well-supported. He specifically challenges the ALJ's failure to incorporate Dr. Goergen's requirement for simplified tasks with higher levels of supervision. ECF No. 16, PageID.502-504; ECF No. 13, PageID.439. But an ALJ need not "adopt all opined limitations, even if he finds the opinion persuasive." *Borger v. Comm'r of Soc. Sec.*, 2021 WL

6297536, at *9 (N.D. Ohio Dec. 17, 2021) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (Even when assigning pieces of evidence significant weight, the ALJ does not have to adopt any RFC determinations verbatim).

More critically, even if failing to credit Dr. Goergen's limitation could be construed as error, it would not require remand. Remand is not required unless there is reason to believe that it might lead to a different result. *See Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004). Here, the VE testified that Giering could do the same jobs identified even if he were limited to simplified tasks. ECF No. 13, PageID.101. Thus, the ALJ's failure to incorporate Dr. Goergen's restriction in the RFC does not create reversible error.

### III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion, ECF No. 17, be **GRANTED**; that Giering's motion, ECF No. 16, be **DENIED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Dated: January 31, 2022

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2022.

                                               s/Marlena Williams
                                               MARLENA WILLIAMS
                                               Case Manager