UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS EDWARD
GIERING, II,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

Case No. 20-12353

Hon. George Caram Steeh

## ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 19)

In this social security disability action, Magistrate Judge Elizabeth A. Stafford issued a report and recommendation proposing that the court grant summary judgment in favor of the Commissioner of Social Security. Plaintiff Douglas Edward Giering II filed timely objections, to which the Commissioner has responded.

## STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject

-1-

or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[T]he threshold for such evidentiary sufficiency is not high."). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Further, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial

evidence in the record that would have supported an opposite conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

## ANALYSIS

Plaintiff claims that he is disabled as a result of his degenerative disc disease, depression, and anxiety. After a hearing, the administrative law judge (ALJ) found that Plaintiff was not disabled. Specifically, he determined that Plaintiff had the residual functional capacity (RFC) "to perform light work as defined in 20 C.F.R. 416.967(b) except: He can occasionally climb ramps or stairs, and is limited to frequent handling with his right upper extremity." ECF No. 13 at PageID 78. In light of all the relevant considerations, including testimony from a vocational expert, the ALJ concluded that Plaintiff could perform jobs such as merchandise marker, router, and mail clerk.

Plaintiff contends that the ALJ erred by failing to fully credit the opinion of his treating physician, Kathleen M. Perkins, D.O., and adopt a limitation in the opinion of Marianne Goergen, Psy.D. The magistrate judge concluded that the ALJ's decision was supported by substantial evidence and that he did not err in his assessment of the opinions of Drs. Perkins and Goergen.

I.   Objection No. 1

Plaintiff contends that it is unclear which of Dr. Perkins' limitations were rejected by the ALJ and why. Contrary to Plaintiff's argument, it is clear that the ALJ rejected any limitation inconsistent with light work, because "clinical findings also frequently showed that his extremities were unremarkable, his gait was normal, and no use of an assistive device was noted (1F; 2F). Moreover, the record also documented that the claimant's [degenerative disc disease] was treated conservatively[1] and did not evidence any specialist treatment or recommendation for surgical intervention." ECF No. 13 at PageID 81. The ALJ provided these sufficient reasons, supported by substantial evidence, for declining to accept limitations inconsistent with the ability to perform light work.

Plaintiff also essentially disagrees with the ALJ's reasoning for rejecting Dr. Perkins' limitations. But normal clinical findings and conservative treatment do not support limitations such as sitting for only one hour or standing/walking for only two hours in an eight-hour workday. Moreover, the court is not empowered to substitute its judgment for that of

---

[1] Contrary to Plaintiff's argument, treatment such as injections and pain medication is considered conservative in this district. *See Bush v. Saul*, 2021 WL 3008612, at *7 (E.D. Mich. June 25, 2021), *report and recommendation adopted*, 2021 WL 2985444 (E.D. Mich. July 15, 2021).

the ALJ, but is tasked with determining whether the ALJ's factual findings are supported by substantial evidence. The ALJ sufficiently explained why he discounted portions of Dr. Perkins' opinion (some normal findings, conservative treatment) and that explanation is supported by the record, including Plaintiff's activities of daily living. ECF No. 13 at PageID 80 ("[H]e could maintain his personal care, prepare simple meals, clean, do laundry, shop, drive, walk, talk, play computer games, read, watch TV, swim/play in the pool, pay bills. . . ."); *see also id.* (noting providers' "progress notes in 2018 occasionally reported that his lower back pain was stable and he had good response with the injections").

The magistrate judge found "no error in the ALJ's assessment of Dr. Perkins' opinion." ECF No. 19 at PageID 545. The court agrees with the magistrate judge's analysis and concludes that Plaintiff has not demonstrated that magistrate judge erred.

II.     Objection No. 2

Plaintiff also objects to the ALJ's failure to include the need for "higher levels of supervision" in his RFC. Dr. Goergen, a psychological consultative examiner, concluded that "[based upon today's evaluation, the claimant would likely relate well with coworkers and supervisors. Tasks should be simplified with higher levels of supervision." ECF No. 13 at

-5-

PageID 439. The ALJ found this opinion to be "well supported" because it was "consistent with the record as a whole. Specifically, the record evidenced that the claimant's other providers' mental status findings in 2018 were generally normal, such as mood/affect pleasant." *Id.* at 81. The ALJ did not include the need for simplified tasks with higher levels of supervision in Plaintiff's RFC, presumably because he repeatedly referred to Plaintiff's "generally normal" mental status findings in the "record as a whole." *Id.* at 80-81 (crediting the opinion of Dr. Perkins that Plaintiff was "either not limited or only mildly limited" in mental functional capacity, and the opinion of Dr. Gensterblum that Plaintiff's mental functional abilities were only "mildly limited").

The ALJ found that Plaintiff had at most "mild" limitations in mental functioning and stated that the RFC "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." *Id.* at PageID 78. Implicitly then, the RFC's lack of mental/psychological restrictions is based upon the ALJ's finding of "generally normal" mental status and "mild" limitations. Viewing the decision and record as a whole, the RFC is supported by substantial evidence. In light of this, the ALJ's failure to adopt the "higher level of supervision" requirement, or the specifically address this limitation, is not error because the ALJ is not

-6-

required "to explain each and every limitation and restriction he adopts or, conversely, does not adopt from a physician's opinion." *Kondrashov v. Comm'r of Soc. Sec.*, 2018 WL 1146875, at *5 (E.D. Mich. Feb. 12, 2018), *report and recommendation adopted*, 2018 WL 1141802 (E.D. Mich. Mar. 2, 2018); *Reeves v. Comm'r of Soc. Sec.*, 618 Fed. Appx. 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."); *Tammi F. v. Saul*, 2020 WL 7122426, at *6 (D. Kan. Dec. 4, 2020) ("The new regulations do not require the ALJ to articulate an explanation for how persuasive she finds every individual opinion of a medical source."). The court discerns no error in the ALJ or magistrate judge's analysis with regard to Plaintiff's mental RFC.

ORDER

For these reasons, IT IS HEREBY ORDERED that Plaintiff's objections are OVERRULED, the decision of the Commissioner is AFFIRMED, and the report and recommendation (ECF No. 19) is ADOPTED as the order of the court

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 16) is DENIED and the Commissioner's motion for summary judgment (ECF No. 17) is GRANTED.

Dated: July 13, 2022

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE